

James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
SAM STRUBLE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

SAM STRUBLE, an individual,

      Plaintiff,

      v.

ELECTRONIC DOCUMENT
PROCESSING, INC., a California
corporation; MIGUEL SOLANO, an
individual, CREDITOR IUSTUS ET
REMEDIUM, LLP aka CIR Law
Offices International; DISCOVER
BANK, a Delaware State Bank; and
DOES 1 through 10, inclusive,

      Defendants.

_____/

Case No.

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

      Plaintiff, SAM STRUBLE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

<u>INTRODUCTION</u>

      1. Defendants ELECTRONIC DOCUMENT PROCESSING, INC. ("EDP") and MIGUEL SOLANO are process servers who, in an attempt to collect a debt, filed false proofs of service in a state court action.

2. Defendant CREDITOR IUSTUS ET REMEDIUM, LLP aka "CIR Law Offices International," ("CIR") is a law firm collecting debts in the State of California and represented DISCOVER BANK in a state court lawsuit, in an attempt to collect a consumer debt against plaintiff SAM STRUBLE.

3. Defendant DISCOVER BANK is an FDIC-insured Delaware state bank collecting consumer debts in the state of California.

4. This is an action under the Fair Debt Collection Practices Act, 15 United States Code section 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against EDP and SOLANO who engage in "sewer service,"[1] and against CIR and DISCOVER for seeking to collect a debt which had been settled and resolved.

5. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact serving or attempting to serve legal process, when someone who would otherwise qualify for the exemption goes beyond being merely being a messenger in serving process and engages in prohibited abusive or harassing activities to force an individual to repay a debt, the exemption no longer applies and the process server is subject to FDCPA liability.[2]

---

[1]

As explained in *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475 (D. Kan. 1994), the term "sewer service" originated in jurisdictions in which process could be served by professional process servers rather than public officials, and derived from those process servers [who] once followed a practice of disposing of process given to them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it." *Id.* at 480 n.5 (quoting 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.01[7][d] (2d ed. 1991)).

[2]

*Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assocs., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, *5 (E.D. Pa. Nov. 2002)

6. Therefore, the Defendants in this case - process servers that failed to serve court process entrusted to them and instead provide a perjured *Proof of Service of Summons* - are removed from the FDCPA's process server exemption.[3]

7. According to the United States Congress as memorialized in 15 U.S.C. section 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

8. The California Legislature has determined that:

(a) the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts;

---
[3]

*Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011)

(b) unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers;

(c) there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights; and

(d) debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## VENUE

11. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

12. This lawsuit should be assigned to the Los Angeles Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in the County of San Luis Obispo.

## PARTIES

13. Plaintiff SAM STRUBLE ("Plaintiff") is a natural person residing in San Luis Obispo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

14. Defendant ELECTRONIC DOCUMENT PROCESSING, INC. ("EDP") is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. EDP's principal place of business is located at 16700 Valley View Avenue, Suite 440, La Mirada, California 90638. EDP may be served at the address of its Agent for Service of Process which plaintiff is informed, believes and thereon alleges is: Electronic Document Processing, Inc., c/o William Mitchell, Agent for Service of Process, William R. Mitchell, Inc., 101 Pacifica, Suite 155, Irvine, California 92618-7339. Plaintiff is informed, believes and thereon alleges, that EDP is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. Plaintiff is informed, believes and thereon alleges, that prior to manufacturing the *Proof of Service of Summons* giving rise to this action (see Exhibit 1), EDP did not file or maintain a verified certificate of registration as a process server with the county clerk of the county in which EDP has its principal place of business, as required by Cal. Bus. & Prof. Code § 22350. EDP is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. EDP regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. EDP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and California Civil Code section 1788.2(c). EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

15. Defendant MIGUEL SOLANO ("SOLANO") is a natural person and is or was an employee and/or agent of EDP at all relevant times. SOLANO is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiff is informed, believes and thereon alleges that SOLANO is an individual subject to the registration and other

provisions found in California Business & Professions Code sections 22350-22360. SOLANO may be served at his current address which is listed in records with the Clerk-Recorder of San Luis Obispo County as 890 Osos Street, Suite D, San Luis Obispo, California 93401. SOLANO is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. SOLANO regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. SOLANO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). SOLANO is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

16. Defendant CREDITOR IUSTUS ET REMEDIUM, LLP aka "CIR Law Offices International," ("CIR") is a law firm collecting debts in the State of California, with a principal place of business at 8665 Gibbs Drive, Suite 150, San Diego CA 92123. CIR is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. CIR regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. CIR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

17. Defendant DISCOVER BANK is an Delaware state bank (FDIC # 5649) collecting consumer debts in the state of California, with a principal place of business at 502 West Market Street, Greenwood DE 19950. DISCOVER can be served with process by serving its Registered Agent which according to the website for the Delaware Secretary of State is "Discover Bank, 100 West Market, PO Box C, Greenwood DE 19950." DISCOVER is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file

and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. DISCOVER regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. DISCOVER is a "debt collector" within the meaning of California Civil Code section 1788.2(c).

18. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

19. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

20. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

21. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent,

servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

22. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

23. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

24. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

25. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

<u>JOINT VENTURE</u>

26. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

27. Specifically, Plaintiff is informed, believes and thereon alleges, that:

a. EDP is a California corporation engaged in the businesses of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, EDP advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public. EDP provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by SOLANO and the enterprise for their process server return manufacturing activities. EDP composes the process server returns sold by the enterprise using its own computer systems and the data which is input into its computer systems via its websites (*e.g.* onetouchlegal.com and formerly, edplegal.com) by its customers, like CIR, and its process server agents, like SOLANO. EDP also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. EDP provided SOLANO and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the *Proofs of Service of Summons* to CIR for use in the state court lawsuit against Plaintiff. EDP provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and

thereon alleges that EDP will not accept service of process for SOLANO or any of its other process server agents, thereby acting as a litigation shield should one of its process server agents be sued for their unlawful activities.

b. SOLANO is registered as a process server in the County of San Luis Obispo and was registered with process server number 207 during November 2016. SOLANO lent his name, facsimile signature and the apparent legitimacy of his process server registration number to the enterprise for use on the *Proof of Service of Summons* (Exhibit 1) that was manufactured and sold to CIR and used in the state court lawsuit against Plaintiff. Without SOLANO and others holding themselves out as registered process servers and the apparent legitimacy of their registration numbers, EDP could not market and sell process server returns like the *Proofs of Service of Summons* that were manufactured and sold to CIR for use in the state court case against Plaintiff. SOLANO and other alleged registered process servers provide the facial legitimacy of their purported process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

28. Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of EDP's business and that EDP could not offer such services without its process server agents, like SOLANO.

<u>AIDING AND ABETTING</u>

29. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by SOLANO.

30. Plaintiff is informed, believes and thereon alleges, that EDP marketed its *Proof of Service of Summons* product to law firms, debt collectors, government agencies and the general public, including CIR, as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that EDP represented or implied

in its advertising, marketing and other materials that EDP would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

31. Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, EDP enlisted SOLANO and other process server agents to manufacture process server returns - like the *Proof of Service of Summons* that was sold to CIR and used in the state court lawsuit against the Plaintiff in this case.

32. Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally fails to place its name and process server registration number (if it has one) on the process server returns manufactured by SOLANO and other process servers with the intent to misrepresent the true nature of the services being provided by EDP and its process servers, like SOLANO, and the joint responsibility of EDP and SOLANO, pursuant to Cal. Bus. & Prof. Code § 22356. Moreover, Plaintiff is informed, believes and thereon alleges, that EDP willingly, knowingly and intentionally withheld its name and process server registration number from the *Proofs of Service of Summons* that were sold to CIR and used in the state court lawsuit against the Plaintiff in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with the intent to deceive the Plaintiff and the Superior Court of California. By providing process servers, like SOLANO, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells (like the *Proof of Service of Summons* that was sold to CIR, and used in the state court lawsuit against the Plaintiff in this case), and by intentionally withholding its name and process server registration number (if it has one), EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by SOLANO against the Plaintiff.

33. Plaintiff is informed, believes and thereon alleges, that EDP authorizes, uses, and ratifies the use of its address and telephone number on process server

returns manufactured and sold by the enterprise with the intent to shield its process server agents, like SOLANO, from service of process should they be sued for their unlawful activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, plaintiff is informed and believes and thereon alleges that EDP will not accept service of process for SOLANO or any of its other process server agents when service of process is attempted at the address provided on their *Proof of Service of Summons* documents.

34. Plaintiff is informed, believes and thereon alleges, that EDP maintains digital facsimile signatures of its process server agents, including SOLANO, within its computer systems. EDP uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, EDP is a ble to efficiently manufacture process server returns which facially appear to have been signed by its process server agents, but which were never actually signed under penalty of perjury as required by California law.

35. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by SOLANO against the Plaintiff and others. In fact, EDP gave substantial assistance and encouragement to SOLANO by producing fully completed *Proof of Service of Summons* documents which contain SOLANO's facsimile signature and EDP's address and telephone number instead of SOLANO's address and telephone number. Plaintiff is informed, believes and thereon alleges, that neither SOLANO or any of EDP's other process server agents actually sign the completed *Proof of Service of Summons* documents sold by EDP.

36. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, EDP effectively controlled its process server agents, including SOLANO, by *inter alia*:

a. choosing which assignments each process server agent will receive (i.e., controlling the work which must be performed by a specific individual);

b. requiring personal performance of the tasks assigned to its process server agents (i.e., controlling the work which must be performed by a specific individual);

c. forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling the work which must be performed by a specific individual);

d. requiring the use of GPS tracking devices for its process server agents (i.e., controlling the tools and equipment which must be used to perform the assigned tasks);

e. requiring detailed real-time reporting to EDP of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

f. requiring the use of EDP's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed); and

g. requiring its process server agents to maintain specified minimum automobile liability insurance and professional liability insurance coverage, that EDP be named as an additional insured in all such insurance policies, and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

37. Through the use of the GPS tracking devices all EDP process server agents are required to carry and the real-time reporting and tracking data that these devices provide, EDP is able to track in real-time the movements of all its process server agents.

38. EDP's conduct was a substantial factor in causing the harm to Plaintiff. EDP should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by SOLANO against the Plaintiff.

RATIFICATION

39. Plaintiff is informed, believes and thereon alleges, that EDP is responsible for the harm caused by SOLANO's unlawful conduct because EDP approved SOLANO's unlawful conduct after it occurred.

40. Plaintiff is informed, believes and thereon alleges, that SOLANO intended to act on behalf of EDP when he provided EDP with a digital facsimile of his signature with the knowledge that EDP would use his digital signature on process server returns.

41. Plaintiff is informed, believes and thereon alleges, that SOLANO intended to act on behalf of EDP when he accepted the assignment from EDP to serve the state court process on Plaintiff.

42. Plaintiff is informed, believes and thereon alleges, that SOLANO intended to act on behalf of EDP when he subsequently failed to serve the state court process on Plaintiff that had been entrusted to him and instead provided false and fraudulent information to EDP regarding the completion of his assignment.

43. Plaintiff is informed, believes and thereon alleges, that EDP learned of SOLANO's failure to faithfully serve the state court process that EDP had entrusted to him after it occurred.

44. Plaintiff is informed, believes and thereon alleges, that EDP approved SOLANO's unlawful conduct by voluntarily keeping the benefits of SOLANO's unlawful conduct after learning of the conduct.

45. Plaintiff is informed, believes and thereon alleges, that EDP approved SOLANO's unlawful conduct as alleged in this case by continuing to employ

SOLANO and continuing to assign process server assignments to SOLANO after learning that SOLANO had engaged in sewer service.

46. As a result of EDP's ratification of SOLANO's unlawful conduct, EDP is liable to Plaintiff for all damages alleged in this case.

<u>NONDELEGABLE DUTY</u>

47. California Business and Professions Code § 22356 provides as follows: A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

48. By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like EDP faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

49. Plaintiff is informed, believes and thereon alleges, that SOLANO was acting within the course and scope of his agency relationship with EDP at all times alleged in this Complaint.

50. EDP had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff and that its agents did not engage in sewer service.

51. Because EDP could not delegate to SOLANO its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, EDP is liable to Plaintiff for all damages alleged in this case.

<u>FACTUAL ALLEGATIONS</u>

52. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account with DISCOVER BANK, with account number ending in -0487 ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore

a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

53. On or about January 12, 2016, DISCOVER offered to plaintiff in writing that his balance on the alleged debt of $13,608.25 could be settled if plaintiff paid 30% within 15 days of the date of the writing. On January 18, 2016, plaintiff tendered $4082.48 which was accepted by DISCOVER within the 15 days from January 12, 2016. Plaintiff included with his tender a writing indicating that he accepted the offer to resolve the account for 30% of $13,608.25. Thereafter, plaintiff considered the account settled and resolved and that he no longer owed any money on the account ending in -0487.

54. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, DISCOVER delegated the alleged debt to CIR for collection from Plaintiff.

55. Plaintiff is informed and believes, and thereon alleges that on or about October 21, 2016, CIR prepared a lawsuit against Plaintiff to be filed in the Superior Court for the City and County of San Luis Obispo, captioned *Discover Bank v. Sam Struble, et al.*, ("the state court action"), in an attempt to collect the balance of the alleged debt, or $9525.77 plus costs of $314.00.

56. Plaintiff is informed and believes, and thereon alleges that CIR thereafter engaged EDP to serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint. Defendants caused the lawsuit to be filed with the Clerk of the Superior Court and obtained issuance of the summons on November 15, 2016. The state court action was assigned case number 16LC-0763.

57. Plaintiff is informed and believes, and thereon alleges that on or about November 27, 2016, Defendants composed a document entitled *Proof of Service of Summons* in which Defendants represented, under penalty of perjury, that SOLANO had served Plaintiff, by substitute service, with a copy of the Summons,

Complaint, Civil Case Cover Sheet and Statement of Venue in the state court action on November 26, 2016, at 12:31 p.m. Thereafter, Defendants, and each of them, caused the *Proof of Service of Summons* to be filed with the Clerk of the Superior Court in the state court action on January 6, 2017. A true and correct copy of the *Proof of Service of Summons* filed in the state court action is attached hereto, marked as Exhibit 1 and by this reference is incorporated herein.

58. Despite the representations made by Defendants in their *Proof of Service of Summons* (Exhibit 1), Plaintiff was not served personally, or otherwise, with a copy of the Summons and Complaint in the state court action. The *Proof of Service of Summons* document composed by EDP appears facially valid. Indeed, EDP's very purpose is to pass facial review, hoping the fraud goes undetected by the court system so that default will be entered when an unsuspecting consumer fails to file a written response with the clerk's office.

59. Plaintiff is informed and believes, and thereon alleges that the address used on the *Proof of Service of Summons* (Exhibit 1), (i.e., 16700 Valley View Avenue, Ste 440, La Mirada, CA 90638) is the business address of EDP and not the address of SOLANO as represented in the document.

60. Plaintiff is informed and believes, and thereon alleges that EDP and SOLANO, acting together, knowingly and willfully composed and sold CIR the *Proof of Service of Summons* (Exhibit 1) containing false statements regarding their service of process in the state court action.

61. According to the *Proof of Service of Summons* (Exhibit 1), EDP and SOLANO, acting together, sold the process server return to CIR for $89.00.

62. However, despite the representations made by Defendants in the *Proof of Service of Summons* (Exhibit 1), Plaintiff was not served with a copy of the Summons and Complaint in the state court action.

63. Despite the claims of the Proof of Service of Summons, plaintiff was present at his home address of 1225 Pomeroy Road, Arroyo Grande, California on

November 26, 2016 as were others. The only person at home that day who would come closest to fitting the description in the Proof of Service of Summons is plaintiff's mother, and she did not receive the summons and complaint or speak with anyone asking for me. Plaintiff's mother does not fit the description in the Proof of Service ("60 year old female caucasian, about 5'5" and 140 pounds") as she is 65 years old, 5'1" and 105 pounds.

64. Several days after November 28, 2016, Plaintiff received a copy of the Summons and Complaint in this case by regular mail. The return address on the envelope indicated the name and address of CIR. As a result, plaintiff concluded that CIR sent him a courtesy copy of the complaint for plaintiff's information. There was nothing with the mailing indicating that EDP or SOLANO claimed to have effected substitute service.

65. On December 22, 2016, plaintiff wrote to the attorneys listed on the complaint and explained the reasons he believed that the case should be dismissed. No one wrote back to plaintiff that DISCOVER or CIR considered the summons to be served and that DISCOVER and CIR would be seeking default.

66. No copy of the Proof of Summons of Service was sent to plaintiff, and it was not filed with the clerk of court until January 6, 2017. Plaintiff did not know about it until June 16, 2017.

67. On December 23, 2016, plaintiff learned from his mother that a sheriff's deputy came to their home looking for plaintiff; the sheriff's deputy stated that he had papers for plaintiff, and left a business card. Because the sheriff's website says the sheriff will make three attempts before leaving copies for the first part of a substitute service, plaintiff decided that the sheriff's deputy would come back. However, that did not happen; the sheriff's deputy did not return. Plaintiff believed that the Sheriff had papers regarding the state court action by DISCOVER because plaintiff was not served with papers regarding any other lawsuit or legal matter of any kind.

68. In February 2017 plaintiff received a letter dated February 21, 2017 from "M. Johnson," a Senior Dispute Investigator for Discover Bank. M. Johnson did not indicate that DISCOVER considered the summons served and that DISCOVER would be seeking default. Instead, M. Johnson addressed plaintiff's dispute of liability. Plaintiff believed that DISCOVER was discussing resolution and inviting a response on the merits of the case.

69. Plaintiff never received a copy of a Request for Entry of Default and did not know that DISCOVER and CIR were seeking default against him until plaintiff learned of the judgment.

70. On or about September 13, 2017, Plaintiff filed a motion to vacate the default judgment based on Defendants' false Proof of Service of Summons (Exhibit 1). Plaintiff paid court filing fees and attorney fees and missed work to file the motion papers and to attend the hearing. The motion was granted on October 26, 2017 and the order granting the motion to vacate the default judgment was entered on November 20, 2017.

71. Plaintiff is informed and believes that DISCOVER and CIR engaged the services of an attorney named Jere Norwood Sullivan, State Bar Number 73476, 1141 Pacific St #A, San Luis Obispo CA 93401, to contact the undersigned counsel and to state that DISCOVER and CIR intended to dismiss the case. However, no dismissal was ever entered. The case is currently pending in Superior Court for the County of San Luis Obispo, with a Case Management Conference scheduled for February 5, 2018.

### EDP's Business Practices

72. Plaintiff is informed and believes, and thereon alleges that EDP composes and sells process server returns, like the *Proof of Service of Summons* (Exhibit 1) in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that EDP pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and

thereon alleges that EDP will pay SOLANO and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed. Because EDP's process servers are not paid for unsuccessful service attempts, process servers like SOLANO have a strong financial incentive to falsify process server returns. Plaintiff is informed and believes, and thereon alleges that EDP knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

73. Plaintiff is informed and believes, and thereon alleges that EDP charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services. Plaintiff is informed and believes, and thereon alleges that EDP's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a race to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. The result of these anti-competitive business practices is more false process server returns from all process server agencies. Plaintiff is informed and believes, and thereon alleges that EDP effectively sells sewer service, by underbidding the true costs of proper service.

74. Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not serving consumer debt defendants, debt collection firms such as CIR are able to generate thousands of judgments by default on cases where they could never prevail on the merits. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

75. Plaintiff is informed and believes, and thereon alleges that Defendants'

composition and sale of a perjured *Proof of Service of Summons* (Exhibit 1) violates California Code of Civil Procedure § 417.10.

76. Pursuant to California Evidence Code section 647, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. Defendants' composition and sale of a perjured process server return, like the *Proof of Service of Summons* (Exhibit 1) in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly impossible burden of providing strong and convincing evidence of non-service. Because a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service, victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative; they must prove that an event never occurred and their own sworn testimony of non-service is often not enough to meet their evidentiary burden. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

77. Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading *Proof of Service of Summons* documents in the form of Exhibit 1 more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

<u>CLAIMS</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

78. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

79. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

80. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

81. Defendant EDP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

82. Defendant EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

83. Defendant SOLANO is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

84. Defendant SOLANO is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

85. Defendant CIR is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

86. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

87. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact she was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356;

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case;

g. Filing the state court action against Plaintiff after he accepted the written offer to resolve the alleged debt for 30% of the balance; and

h. Continuing litigation of the case after falsely representing that DISCOVER and CIR would dismiss the case, in an effort to lure plaintiff into missing the one-year period of limitations from the date that EDP first claimed to have served plaintiff the state court summons and complaint.

88. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

89. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

90. Pursuant to California Civil Code § 3345, Plaintiff is entitled to an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k.

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

91. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

92. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

93. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

94. Defendant EDP is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

95. Defendant SOLANO is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

96. Defendant CIR is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

97. Defendant DISCOVER is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

98. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

99. Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

   a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact she was not;

   b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

g. Filing the state court action against Plaintiff after he accepted the written offer to resolve the alleged debt for 30% of the balance;

h. Continuing litigation of the case after falsely representing that DISCOVER and CIR would dismiss the case, in an effort to lure plaintiff into missing the one-year period of limitations from the date that EDP first claimed to have served plaintiff the state court summons and complaint; and

i. Collecting or attempting to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

100. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

101. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

102. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

103. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

104. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

105. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

106. Pursuant to California Civil Code § 3345, Plaintiff is entitled to an award of up to three times greater than the amount authorized by §§ 1788.17 and 1788.30(b).

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants EDP, SOLANO and CIR violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that all Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.


DATED: November 27, 2017                   ____/s/ James A. Michel_____
                                           JAMES A. MICHEL
                                           State Bar No. 184730
                                           2912 Diamond St #373
                                           San Francisco CA 94131
                                           Tel. # 415/ 239-4949
                                           Email: attyjmichel@gmail.com

                                           Attorney for Plaintiff
                                           SAM STRUBLE


<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff SAM STRUBLE hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


DATED: November 27, 2017                   ____/s/ James A. Michel_____
                                           JAMES A. MICHEL